### UNITED STATES of America, Plaintiff—Appellee,

v.

### Christopher Boyd CUTCLIFF, Defendant—Appellant.

### No. 11–50049.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Oct. 27, 2011.

Anne Kristina Perry, Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jennifer Lynn Coon, Law Office of Jennifer L. Coon, San Diego, CA, for Defendant–Appellant.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Christopher Boyd Cutcliff appeals from the 12–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cutcliff contends that the district court procedurally erred by failing to consider the statutory sentencing factors, and by failing to consider his mitigating arguments. The court did not err, as the record reflects that the district court considered the relevant 18 U.S.C. § 3553(a) sentencing factors and Cutcliff's arguments in mitigation, but found the circumstances insufficient to warrant a sentence lower than the bottom of the Guidelines range. *See United States v. Carter,* 560 F.3d 1107, 1118–19 (9th Cir.2009).

Cutcliff also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the relevant section 3553(a) sentencing factors, the sentence is substantively reasonable.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. Appellant. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Finally, Cutcliff contends that the supervised release revocation procedure under 18 U.S.C. § 3583 violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Cutcliff concedes, the claim is foreclosed by *United States v. Santana,* 526 F.3d 1257, 1262 (9th Cir. 2008).

**AFFIRMED.**